IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| RICHARD L. BROWN and GUADALUPE TORRES, individually and as Parents and Next Friends of RICHARD BROWN TORRES, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>OVERHEAD DOOR CORPORATION,<br><br>Defendants. | Case No. 06 C 50107<br><br>Magistrate Judge<br>P. Michael Mahoney |

### MEMORANDUM OPINION AND ORDER

On March 31, 2008, defendant filed the Motion to Compel which is the subject of this order. Defendant's motion seeks the production of prior deposition and trial testimony of plaintiff's six disclosed experts. Plaintiff objects to disclosing this prior expert testimony, citing the physician-patient privilege and the Health Insurance Portability and Accountability Act (HIPAA).

The physician-patient privilege in Illinois provides "[n]o physician or surgeon shall be permitted to disclose any information he or she may have acquired in attending any patient in a professional character, necessary to enable him or her professionally to serve the patient." 735 ILCS 5/8-802. In the previous unrelated cases in which plaintiff's experts testified, the physician-patient privilege was likely waived by the parties so as to allow the cases to proceed. The medical records were likely produced, eventually becoming the subject of expert testimony. Under Illinois law, which governs issues of privilege in this diversity case, a one-time waiver of

1

privilege as it relates to one's medical records does not act to permanently waive the privilege of those records so as to make them discoverable in unrelated litigation. *Reagan v. Searcy*, 323 Ill.App.3d 393, 397 (5th Dist. 2001). However, what is sought by the instant motion are not medical records, but the transcripts of plaintiff's experts' prior testimony. Testimonial evidence is different from medical records because it is inherently limited in scope to the critical issues involved in a particular case, making any disclosure of incidental/irrelevant information unlikely. Furthermore, because expert testimony either takes place in open court or in a deposition (a transcript of which may itself be admitted into the public record), any expectation of privacy as it applies to an expert's testimony is limited and does not find protection under the physician-patient privilege.

Contrary to plaintiff's suggestion, HIPAA does not create a privilege for patients' medical information, it merely provides the procedures one must follow in order to secure the disclosure of such information from a "covered entity," such as a hospital. *Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923, 925-26 (7th Cir. 2004). *See also* 45 C.F.R. § 164.508(c)(2)(iii) (requiring HIPAA authorizations to explicitly inform the individual authorizing the release of his records of "[t]he potential for information disclosed pursuant to the authorization to be subject to redisclosure by the recipient and no longer be protected by [HIPAA].").

Neither the medical provider-patient privilege, nor the protections of HIPAA are sufficient to prevent defendant from discovering plaintiff's experts' prior testimony. It is relevant information under Fed.R.Civ.P. 26(b)(1), since defendant is entitled to explore plaintiff's experts' prior testimony in hopes of uncovering inconsistencies between the opinions

they intend to express in this case and the opinions expressed in other cases. Indeed, this type of inquiry is expressly contemplated by the federal rules of civil procedure, as evidenced by the requirement that an expert's written report must include "a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition." Fed.R.Civ.P. 26(a)(2)(B)(v). Finally, the burden of producing these transcripts is minimal and can be easily accomplished over the course of the next week.

Plaintiff is to produce the requested transcripts relating to the past four years by May 6, 2008. To the extent any of these transcripts are supported by exhibits comprised of medical records, the exhibits are not to be produced. Defendant is to pay the reasonable costs associated with the production of plaintiff's experts' transcripts.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: April 29, 2008