IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

RICHARD L. BROWN and GUADALUPE )    Case No. 06 C 50107
TORRES, as Parents and Next Friends of )
RICHARD BROWN TORRES, a minor, )
                                 )    Magistrate Judge
          Plaintiffs, )    P. Michael Mahoney
                                   )
    vs. )
                                     )
OVERHEAD DOOR CORPORATION, a )
corporation, )
                                     )
          Defendant. )

## MEMORANDUM OPINION AND ORDER

### I. Introduction

Before the Court is Plaintiffs' Motion to Deem Matter Admitted and to Compel

Deposition of Schochet. This motion presents two issues to the Court: (1) whether Defendant's

answer to Plaintiffs' Request to Admit is insufficient, and (2) whether Plaintiffs are entitled to

conduct further discovery regarding Defendant's Second Motion for Summary Judgment. For

the reasons stated below, the Court denies in part and grants in part Plaintiffs' Motion.

### II. Background

Plaintiffs allege that on May 19, 2005, a garage door designed by Defendant caused

serious injuries to Richard Brown Torres, four years old at the time, when it closed down on and

compressed him, and did not reverse. Complaint at 2–3. Plaintiffs filed a complaint on June 5,

2006. After extensive discovery, fact discovery closed on January 31, 2008. *See Brown et al. v.*

*Overhead Door Corp.*, No. 06 C 50107 (N.D. Ill. Jan. 4, 2008).

1

On February 25, 2008, both sides submitted motions for summary judgement.[1]  While the motions for summary judgment were under advisement by the District Court, Plaintiffs served Defendant with their Second Request to Admit Facts on June 27, 2008.  The Defendant responded on July 23, 2008.  Plaintiffs' Motion to Deem Matter Admitted Pursuant to FRCP 36(a)(6) and to Compel Deposition of William Schochet at 1 [hereinafter Plaintiffs' Motion to Deem Matter Admitted].

On July 3, 2008, Defendant moved for leave to file a Second Motion for Partial Summary Judgement on the issue of punitive damages.  The Court granted Defendant leave to file the Motion for Partial Summary Judgment on July 14, 2008.

Defendant timely filed its Motion for Partial Summary Judgment and its Memorandum in support of the Motion on July 16, 2008. Defendant has filed two affidavits in support of its Second Motion for Partial Summary Judgment: one from Larry Dean Murphy and one from William Schochet.  After obtaining an extension from the Court, Plaintiffs filed their response to Defendant's Second Motion for Partial Summary Judgment on August 27, 2008.  The following day, Plaintiffs noticed Mr. Schochet's deposition to be taken on September 17, 2008.  On September 5, 2008, Defendant informed Plaintiffs that it would not produce Mr. Schochet for the deposition.  Defendant then submitted its Reply in support of its Second Motion for Partial Summary Judgment on September 9, 2008.  On September 11, 2008, Plaintiffs filed this Motion.

<u>III.  Plaintiffs' Request to Admit</u>

Plaintiffs argue that Defendant's answer to their Request to Admit is insufficient.  Under Rule 36, "A party may serve on any other party a written request to admit . . . the truth of any

---

[1]  On September 29, 2008, Judge Kapala denied both sides' motions for summary judgment.  *Brown et al. v. Overhead Door Corp.*, No. 06 C50107 (N.D. Ill. Sept. 29, 2008).  The substance of the District Court's ruling does not affect the issues presented here.

matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36(a)(1)(A).  The party upon whom a request for admission is served must either object or answer the request.  Fed. R. Civ. P. 36(a)(4).  A party may not object merely on the grounds that the request presents a genuine issue for trial.  Fed. R. Civ. P. 36(a)(5).

If the party does not object, its answer must either admit the matter, deny the matter, or "state in detail why the answering party cannot truthfully admit or deny it."  Fed. R. Civ. P. 36(a)(4).  "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Fed. R. Civ. P. 36(a)(4).

Whether an inquiry is reasonable depends on the facts of the case.  *Hanley v. Como Inn, Inc.*, No. 99 C1486, 2003 U.S. Dist. LEXIS 7130, at *4 (N.D. Ill. Apr. 28, 2005).  To conduct a "reasonable inquiry," a party may need to consult third parties.  *Id*.  Generally, though, a responding party complies with Rule 36(a)(4) by consulting persons under its control.  *Id.* at *5. "'Reasonable inquiry includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response.'"  *Taborn v. Unknown Officers*, No. 00 C652, 2001 U.S. Dist. LEXIS 1932, at *3 (N.D. Ill. Feb. 16, 2001) (quoting *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997)).  In some circumstances, Rule 36 requires a party to describe in its answer the reasonable inquiry in which it engaged that resulted in a lack of knowledge sufficient to admit or deny the matter.  *See Cada v. Costa Line, Inc.*, 95 F.R.D. 346,

347–48 (N.D. Ill. 1982); *United States v. Am. Tel. & Tel. Co.*, 83 F.R.D. 323, 333 (D.C.C. 1979).

If the requesting party believes the responding party to have answered insufficiently, it may move for the Court to rule on the answer's sufficiency. Fed. R. Civ. P. 36(a)(6). If the Court finds the answer insufficient, it may order the responding party to amend the answer. Fed. R. Civ. P. 36(a)(6). The Court may also simply order the matter admitted. Fed. R. Civ. P. 36(a)(6).

In this case, Plaintiffs asked Defendant to admit, "To the extent that Richard Brown Torres has a diminished life expectancy, that diminished life expectancy was caused by the injuries he sustained on May 19, 2005." Plaintiff's Motion to Deem Matter Admitted at 1. On July 23, 2008, Defendant responded to the Request to Admit with the following:

> Overhead Door Corporation has made reasonable inquiry as to its ability to independently verify the truth of the matters set forth in this Request for Admission. The Request requires this Defendant to admit a medical opinion that, to the extent that Richard Brown Torres has a diminished life expectancy, that diminished life expectancy was caused by the injuries he sustained on May 19, 2005. The information known or readily obtainable by Overhead Door Corporation is insufficient to enable Overhead Door Corporation to admit or deny the truth of the matter set forth in this Request. Further responding, Overhead Door Corporation states that the matter set forth in this Request presents a genuine issue for trial and reiterates that the information readily obtainable by Overhead Door Corporation is insufficient to enable it to admit or deny this Request.

Plaintiffs' Motion to Deem Matter Admitted, Exh. A at 1–2.

Plaintiffs argue that Defendant has failed to make a reasonable inquiry as to the truth of the matter set forth because Defendant did not ask its experts whether Richard's life expectancy was shortened by the events of May 19, 2005. Plaintiffs' Motion to Deem Matter Admitted at 3. Plaintiffs point to Defendant's medical expert, Dr. Jacobson, who reported, "To summarize briefly, Ricky was a healthy, developmentally and neurologically normal 4-year-old when, on 05/19/2005, he was pinned and compressed below a garage door." Overhead Door Corp.'s

Expert Disclosure Pursuant to Rule 26(a)(2), Ext. 1-A at 1.  Dr. Jacobson further described the treatment that Richard received when he was brought to the hospital, as well as Richard's current condition.  Overhead Door Corp.'s Expert Disclosure Pursuant to Rule 26(a)(2), Ext. 1-A at 1–4.

Defendant argues that Dr. Jacobson was hired to opine as to Richard's injuries and current state of consciousness, and not as to the *cause* of the injuries.  Overhead Door Corp.'s Response to Plaintiffs' Motion to Deem Matter Admitted and to Compel Deposition of William Schochet at 7–8 [hereinafter Defendant's Response].  Furthermore, Defendant argues that Plaintiffs bear the burden to prove this matter at trial.  Defendant's Response at 8.

Defendant's answer is insufficient because it does not appear that Defendant made a reasonable inquiry as required by Rule 36.  Dr. Jacobson noted Richard's medical history and described Richard as perfectly healthy boy before he was pinned and compressed under a garage door on May 19, 2005.  Following the events of May 19, 2005, Richard's life expectancy has been shortened.  Defendant's Response, Exh. A, at 1.  Plaintiffs have asked Defendant to admit that the events of May 19, 2005 caused Richard's diminished life expectancy.  Defendant claims to lack the knowledge to admit or deny that fact.  Although Plaintiffs have the burden to prove causation at trial, Defendant has the burden to show that its lack of knowledge as to the request to admit survived a reasonable inquiry.  Given the facts of this case and the reports of Defendant's experts, it seems likely that Defendant would be able to admit or deny this matter, at least in part, after a reasonable inquiry.  The Court orders Defendant to make a reasonable inquiry, and to amend its answer to Plaintiffs' request for admission by October 31, 2008.  If Defendant still lacks knowledge sufficient to admit or deny any part of the Request to Admit, the Court orders Defendant to describe in detail the reasonable inquiry in which it engaged.

## IV.  Plaintiffs' Motion to Compel Deposition of Mr. Schochet

Plaintiffs claim they require the deposition of Mr. Schochet, as well as documents referenced by Mr. Schochet in his affidavit, to adequately respond to Defendant's Second Motion for Partial Summary Judgment.  Rule 56(f) provides, "If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken."  Fed. R. Civ. P. 56(f).  A Rule 56(f) affidavit must be timely filed.  *See Davis v. G.N. Mortgage Corp et al.*, 396 F.3d 869, 885–86 (7th Cir. 2005) (upholding a district court's denial of plaintiff's Rule 56(f) affidavit and motion for a continuance where the plaintiffs had 74 days of open discovery and failed to explain how additional discovery would help their case); *Chambers v. Am. Trans Air, Inc.*, 17 F.3d 998, 1002 (7th Cir. 1994) (upholding the district court's denial of plaintiff's Rule 56(f) affidavit and motion for a continuance where plaintiff filed the affidavit after defendant had already objected to plaintiff's motion for an extension of time to respond to defendant's motion for summary judgment); *Allen et al. v. Chicago Transit Authority*, No. 99 C7614, 2000 U.S. Dist. LEXIS 11445, at *3–*7 (N.D. Ill. Aug. 10 2000) (finding plaintiffs' Rule 56(f) affidavit untimely where over two months had elapsed since defendant had filed its motion for summary judgment, and plaintiffs did not file the Rule 56(f) affidavit until after defendant filed its reply in support of its motion for summary judgment).  Furthermore, the Court must limit discovery otherwise allowed if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."  Fed. R. Civ. P. 26(b)(C)(ii).

On July 8, 2008, Defendant filed Mr. Schochet's affidavit.  In it, Mr. Schochet asserts that, as Vice President, General Counsel, and Secretary of Defendant for the past 18 years, he is

familiar with the corporate history and structure of Defendant, as well as the Asset Purchase

Agreement, dated August 17, 1990, into which GMI Holdings, Inc. entered with North American

Phillips Corporation and its subsidiary, Genie Manufacturing, Inc.  Affidavit of William

Schochet at ¶¶ 3 & 4.  Further, Mr. Schochet describes Defendant as having had no ownership,

control, or other corporate affiliation with The Genie Company ("Genie") or any Genie brand

products prior to Defendant purchasing Genie from Brynwood Partners II L.P. on June 28, 1994.

Affidavit of William Schochet at ¶¶ 5 & 6.  Finally, Mr. Schochet states that neither Defendant,

nor any of its officers or directors, were involved with the design, manufacture, marketing, or

sale of the garage door operator at issue in this case, and that there is no overlap between the

current officers and directors of Defendant or GMI Holdings, Inc. "and any officers and directors

that were at Genie Manufacturing, Inc. or North American Phillips Corporation when the

SD9000 was designed, or any officers and directors that were at GMI Holdings, Inc. and/or

Brynwood Partners II L.P. when it was manufactured and sold."  Affidavit of William Schochet

at ¶¶ 7 & 8.

On July 14, 2008, Defendant filed its Supplemental Rule 56.1 Statement of Uncontested

Material Facts ("Defendant's Rule 56.1 Statement") in support of, and along with, its Second

Motion for Partial Summary Judgment.  Defendant cites Schochet's affidavit as support for

several facts in Defendant's Rule 56.1 Statement.  Defendant's Rule 56.1 Statement at  ¶¶ 2 &

7–10.

After exhausting a continuance granted by the Court, Plaintiffs filed their response to

Defendant's Second Motion for Partial Summary Judgment on August 27, 2008.  Plaintiffs'

counsel attached to the response a Rule 56(f) affidavit which accuses the statements made in Mr.

Schochet's affidavit of lacking foundation, specifically those statements "regarding shareholders

and officers." Affidavit of Bruce R. Pfaff Pursuant to FRCP 56(f)(1) and (2) re: Need for Documents and Deposition of Affiant William Schochet at 2 [hereinafter Pfaff's Rule 56(f) Affidavit]. The Rule 56(f) affidavit also speculates that documents referenced by Mr. Schochet could admit Defendant's liability to punitive damages in the matter. Pfaff's Rule 56(f) Affidavit at 2. Lastly, in the Rule 56(f) affidavit, Plaintiffs' counsel blames his inability to thus far complete this discovery on his having to take three weeks off of work to move his family, and on briefing schedules he had to meet in the Illinois Supreme Court.

This Motion to Compel, and Plaintiffs' counsel's corresponding Rule 56(f) affidavit, were not timely filed. Plaintiffs knew on July 8, 2008 that Defendant planned to use Mr. Schochet's affidavit in its Second Motion for Partial Summary Judgment. On July 14, 2008, Defendant filed its Rule 56.1 Statement which cited Mr. Schochet's affidavit. Six weeks later, after an extension granted per Plaintiffs' request, Plaintiffs filed their response to the Second Motion for Partial Summary Judgment. Two weeks after that, on September 9, Defendant filed its reply in support of its Second Motion for Summary Judgment. As such, briefing on Defendant's Second Motion for Partial Summary Judgment was complete before this Motion was filed. If the Court grants this Motion, then Defendant would presumably have to produce documents according to 11 new document requests, and Plaintiffs and Defendant would have to schedule Mr. Schochet's deposition. After production and review of the documents, and the deposition of Mr. Schochet, Plaintiffs could request a Sur Response, which, in turn, would be followed by Defendant's Sur Reply. Even if all this new discovery proceeded smoothly and with no unforeseen complications (which, as any experienced attorney can attest, is dubious), the process would take weeks, and possibly months. Mr. Schochet is not an occurrence witness. His affidavit regards Defendant's corporate history and structure, a topic Plaintiffs had ample

opportunity to explore during fact discovery. This sequence of events would unnecessarily frustrate the District Court's ability to rule upon the Second Motion for Partial Summary Judgment, a ruling that could significantly expedite the progress of the case.

Because Plaintiffs failed to file a timely Rule 56(f) affidavit and motion for a continuance to conduct further discovery, and because any further discovery of this type would unnecessarily interfere with the case's progression, the Court denies Plaintiffs' Motion to Compel the deposition of Mr. Schochet and the production of the documents requested in Plaintiffs' Reply.

## V. Conclusion

For the reasons stated above, Plaintiffs' Motion to Deem Matter Admitted Pursuant to FRCP 36(a)(6) and to Compel Deposition of William Schochet is granted in part and denied in part. The Court orders Defendant to amend its answer to Plaintiffs' Request to Admit, in accordance with this opinion, by October 31, 2008. The Court denies Plaintiffs' motion to compel the deposition of William Schochet. The Court further denies Plaintiffs' motion to compel the production of the documents requested in the Rider attached as Exhibit D to Plaintiffs' Reply Memorandum in Support of Their Motion to Deem Matter Admitted and to Compel Deposition of Schochet.

ENTER:

_____

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: October 16, 2008